UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 12-023S |
| | : | |
| JAMES P. BRITT | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, Defendant appeared for a revocation hearing on June 8, 2016, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At this hearing, I ordered Defendant detained pending a final sentencing hearing before Chief Judge William E. Smith.

Based upon the following analysis and the admission of Defendant, I recommend that the Defendant be committed to the Bureau of Prisons for a term of one year and one day of incarceration followed by a term of supervised release for a period of five years and that he comply with the following special conditions:

1. Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient) as directed and approved by the Probation Office. Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the Probation Officer.

2. Defendant shall participate in a program of substance abuse testing (up to seventy-two drug tests per year) as directed and approved by the Probation Office. Defendant shall contribute to the costs of such testing based on ability to pay as determined by the Probation Officer.

3. Defendant is to participate in a program of mental health treatment as directed and approved by the Probation Office. Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the Probation Officer.

4. Defendant shall participate in a sex offender specific treatment program as directed by the Probation Officer. Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the Probation Officer.

5. Defendant shall comply with all applicable federal and state laws regarding the registration of sex offenders in the state of residence, employment and school attendance, and shall provide certification of compliance with this requirement to the Probation Officer.

6. Defendant shall participate in testing in the form of polygraphs or any other methodology approved by the Court in order to measure compliance with the conditions of treatment and supervised release. Defendant shall contribute to the costs of such testing based on ability to pay as determined by the Probation Officer.

7. Defendant shall permit the Probation Officer, who may be accompanied by either local, state or federal law enforcement authorities, upon reasonable suspicion of a violation of

supervision, to conduct a search of Defendant's residence, automobile, workplace, computer and other electronic communication or data storage devices or media.

**Background**

On March 15, 2016, the Probation Office petitioned the Court for the issuance of an arrest warrant. On March 15, 2016, the District Court reviewed the request and ordered the issuance of an arrest warrant. Defendant was brought before the Court at which time he admitted to the following charges:

> **Violation No. 1: While on probation, Defendant shall not commit another federal, state or local crime.**
>
> Defendant committed the offense of Failure to Register, on or about November 18, 2016 as evidenced by his unregistered status since his release from Massachusetts state custody on or about November 17, 2015.
>
> **Violation No. 2: While on probation, Defendant shall not commit another federal, state or local crime.**
>
> Defendant committed the offense of Failing to Register as evidenced by his arrest by the Cranston Police on February 26, 2015 and subsequent Nolo Contendere Plea on May 4, 2015. Defendant received a five-year suspended sentence.
>
> **Violation No. 3: Defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.**
>
> Defendant was released from Massachusetts state custody on or about November 17, 2015 and has not contacted the probation officer since his release.
>
> **Violation No. 4: Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient), as directed and approved by the Probation Office.**
>
> Defendant failed to attend treatment for co-occurring mental health and substance abuse disorders on March 9, 2015; March 16, 2015 and June 25, 2015.

> **Violation No. 5: Defendant shall participate in a program of substance abuse testing (up to seventy-two drug tests per year) as directed and approved by the Probation Office.**
>
> Defendant failed to report to the Probation Office for drug screens on December 29, 2014 and March 31, 2015.
>
> **Violation No. 6:  Defendant shall comply with all applicable federal and state law regarding the registration of sex offenders in the state of residence, employment and school attendance, and shall provide verification of compliance with this requirement to the Probation Officer.**
>
> Defendant failed to register as a sex offender, on or about November 18, 2015 as evidenced by his unregistered status since his release from Massachusetts state custody on or about November 17, 2015.
>
> **Violation No. 7: Defendant shall participate in a sex offender specific treatment program as directed by the Probation Officer.**
>
> Defendant failed to attend treatment at the Counseling and Psychotherapy Center for sex offender treatment on February 11, 2015; March 25, 2015; May 6, 2015; May 11, 2015; May 20, 2015; May 27, 2015, June 3, 2015; June 25, 2015 and July 1, 2015.

As Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2) provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed.  The maximum term of supervised release is life.

Section 3583(e)(3) provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time

previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation.

Pursuant to § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized statutory maximum term of supervised release is life.

Section 7B1.1 provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled

substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. Defendant has committed a Grade B violation. Therefore, the Court shall revoke supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. Neither of these provisions apply to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. There is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. Defendant had a Criminal History Category of V at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. Defendant committed a Grade B violation and has a Criminal History Category of V. Therefore, the applicable range of imprisonment for this violation is eighteen to twenty-four months.

Section 7B1.5(b) provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Discussion**

Defendant pled guilty to failure to register as a sex offender in 2012. He received a thirty-month prison sentence to be followed by a ten-year term of supervised release with sex offender specific conditions. He commenced supervision on November 23, 2014.

While on supervision, Defendant faced both employment and residential challenges. He was generally homeless and struggled to meet his registration and treatment obligations. He has been the subject of two state failure to register convictions since his release. In addition, upon release from custody in Massachusetts on November 17, 2015, Defendant did not report to Probation as required and effectively ducked supervision for several months.

Defendant admitted to the violations. They are Grade B violations and the guideline range is eighteen to twenty-four months. The Government requested a twenty-two month sentence with a continuation of the Defendant's ten-year term of supervised release. Defendant's counsel raised a number of equitable arguments as to Defendant's poor treatment by the "system" and argued for a time-served sentence with no further supervised release.

During these violation proceedings, Defendant's counsel filed a Motion to Clarify Nature of Predicate Offense. (Document No. 30). Although Defendant's conviction is final and was not challenged on either direct appeal or pursuant to 28 U.S.C. § 2255, counsel argues that Defendant's underlying state convictions do not trigger reporting obligations under SORNA and that he was prosecuted "in error." (Document No. 30 at p. 6). He posits that "the resolution of [this] pending violation must be weighed with the fact that no supervised release would exist but for this errant prosecution." Id.

After reviewing the parties' legal memoranda (Document Nos. 30-35), I rejected Defendant's equitable argument and found no legal defect in his underlying federal SORNA conviction. The reasons for my conclusion are summarized in the transcript of the sentencing hearing held before me on June 8, 2016 and are incorporated herein by reference. In a nutshell, I concluded that

Defendant did not meet the consensual sexual conduct exception[1] to SORNA (42 U.S.C. § 16911(5)(C)) because lack of consent is a necessary element of Defendant's underlying state convictions for indecent assault and battery on a person fourteen years or older (Mass. Gen. Laws ch. 265, § 13H). See Commonwealth v. Burke, 457 N.E.2d 622, 624 (Mass. 1983); and Commonwealth v. Shore, 840 N.E.2d 1010, 1011 (Mass. App. Ct. 2006) (noting that the Commonwealth had the burden to establish lack of consent in a prosecution for indecent assault and battery under § 13H).

On balance, I cannot accept Defendant's proposed time-served sentence. In addition to continuing to ignore his registration obligations, Defendant knowingly ducked supervision for several months. Such behavior needs to be punished to hold this Defendant accountable and to deter others from similar behavior. I also reject Defendant's argument for termination of supervision as doing so would effectively reward Defendant for his noncompliance.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), I recommend that the Defendant be committed to the Bureau of Prisons for a term of one year and one day of incarceration followed by a term of supervised release for a period of five years and that he comply with the following special conditions:

---

[1] The exception covers consensual sexual conduct "if the victim was at least thirteen years old and the offender was not more than four years older than the victim." Defendant's state convictions involved sexual relationships with two fifteen year old girls which each resulted in pregnancy. Defendant was eighteen years old during these relationships. See Document No. 21 at pp. 6-7 – Paragraphs 24 and 25 of Presentence Investigation Report.

1.      Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient) as directed and approved by the Probation Office. Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the Probation Officer.

2.      Defendant shall participate in a program of substance abuse testing (up to seventy-two drug tests per year) as directed and approved by the Probation Office. Defendant shall contribute to the costs of such testing based on ability to pay as determined by the Probation Officer.

3.      Defendant is to participate in a program of mental health treatment as directed and approved by the Probation Office. Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the Probation Officer.

4.      Defendant shall participate in a sex offender specific treatment program as directed by the Probation Officer. Defendant shall contribute to the costs of such treatment based on ability to pay as determined by the Probation Officer.

5.      Defendant shall comply with all applicable federal and state laws regarding the registration of sex offenders in the state of residence, employment and school attendance, and shall provide certification of compliance with this requirement to the Probation Officer.

6.      Defendant shall participate in testing in the form of polygraphs or any other methodology approved by the Court in order to measure compliance with the conditions of treatment and supervised release. Defendant shall contribute to the costs of such testing based on ability to pay as determined by the Probation Officer.

7.      Defendant shall permit the Probation Officer, who may be accompanied by either local, state or federal law enforcement authorities, upon reasonable suspicion of a violation of

supervision, to conduct a search of Defendant's residence, automobile, workplace, computer and other electronic communication or data storage devices or media.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. LR Cr 57.2; Fed. R. Crim. P. 59. Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 8, 2016